IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHANNON TOBEY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-972-M |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is plaintiff's Motion to Remand and for Attorney Fees, filed September 25, 2012. On October 15, 2012, defendant filed its response, and on October 22, 2012, plaintiff filed his reply.

This action was filed in the District Court of Oklahoma County, Oklahoma, on October 31, 2011, against Home Depot, Inc. ("HDI"). HDI filed its answer on December 20, 2011.[1] On August 9, 2012, counsel for HDI filed a motion to withdraw, stating that their client had retained new counsel to represent it in the case. New counsel for HDI subsequently contacted plaintiff's counsel and stated that the actual corporate entity that employed plaintiff was not HDI but was Home Depot U.S.A., Inc. ("HDUSA") and requested that plaintiff substitute HDUSA for HDI as the named defendant. Counsel further offered to accept service upon HDUSA. Based upon counsel's representations, on August 31, 2012, plaintiff amended his petition to name HDUSA as defendant and dismissed HDI without prejudice. On September 4, 2012, HDUSA filed a Notice of Removal, removing the instant action to this Court on the bases of diversity jurisdiction and federal question jurisdiction.

---

[1] In its answer, HDI admitted that it was plaintiff's employer as alleged in the Petition.

Plaintiff now moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the District Court of Oklahoma County, Oklahoma, for untimely removal.[2] Specifically, plaintiff asserts because there is an identity of interest between HDI and HDUSA, plaintiff's Amended Petition, which merely substituted HDUSA for HDI, relates back to the filing of plaintiff's original petition on October 31, 2011 and does not constitute the commencement of a new action as to HDUSA. Plaintiff, therefore, contends that the 30-day period within which to file a notice of removal began on November 9, 2011 when HDI was served with the original petition and that HDUSA's September 4, 2012 Notice of Removal is, consequently, untimely.

HDUSA asserts that it timely filed its notice of removal. Specifically, HDUSA asserts that the removal statute, 28 U.S.C. § 1446(b), allows a defendant to remove a lawsuit within 30 days of it being served with the initial pleading, and that HDUSA filed its notice of removal a mere four days after being served with the initial pleading. HDUSA further asserts that the relation-back doctrine does not apply to the time limits set forth in § 1446(b).

Section 1446(b) provides, in pertinent part:

> (b) Requirements; generally. – (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> (2) . . . (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

---

[2] In his motion to remand, plaintiff does not contest that there is complete diversity between the parties, that the amount in controversy is more than $75,000, or that there is federal question jurisdiction.

28 U.S.C. § 1446(b)(1),(2)(B).

The plain language of § 1446(b) provides each defendant with 30 days after being served with the initial pleading or summons to file a notice of removal.  Although plaintiff contends that the relation-back doctrine applies to the time period within which a defendant must file its notice of removal, and in the case at bar, effectively bars HDUSA from filing a notice of removal, plaintiff cites to no applicable case law where the relation-back doctrine was applied to a new defendant who was substituted as a defendant in an amended petition to determine the time period within which that defendant had to file its notice of removal.  The Court has also not found any applicable case law addressing this specific issue.  The Court, therefore, based upon the clear language of § 1446 and the lack of case law applying the relation-back doctrine to the time period set forth in § 1446, finds that HDUSA had 30 days from August 31, 2012 to file its notice of removal.  Because HDUSA filed its notice of removal within four days of being served with the Amended Petition, the Court finds that HDUSA's notice of removal was timely and that this action should not be remanded back to the District Court of Oklahoma County, Oklahoma.

Accordingly, the Court DENIES plaintiff's Motion to Remand and for Attorney Fees [docket no. 9].

**IT IS SO ORDERED this 3rd day of January, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE