IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHANNON TOBEY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-12-972-M |
| | ) |
| HOME DEPOT U.S.A., INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion for Judgment on the Pleadings, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, and Motion for a More Definite Statement, filed September 21, 2012. On October 11, 2012, plaintiff filed his response, and on October 18, 2012, defendant filed its reply.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Having carefully reviewed plaintiff's Amended Petition, the Court finds plaintiff has not set forth sufficient factual allegations to state any claim for relief. To the extent that plaintiff is asserting a negligence[1] claim against defendant, the Court finds that plaintiff has not set forth sufficient factual allegations that defendant owed plaintiff a duty of care under Oklahoma law. To the extent that plaintiff is asserting a claim based upon some violation of state and federal employment laws, the Court finds that other than making the conclusory allegation that defendant violated "employment laws both Federal and State," Amended Petition at ¶ 4, plaintiff has set forth absolutely no factual allegations to support any alleged violation of state and federal employment laws. Finally, to the extent that plaintiff is asserting a claim based upon employment discrimination and/or harassment, the Court finds that in his Amended Petition, plaintiff simply makes conclusory allegations of harassment and discrimination with no factual allegations to support said conclusions.

Accordingly, the Court finds that plaintiff's Amended Petition should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. The Court, therefore, GRANTS defendant's Motion to

---

[1] The elements of a negligence claim are (1) a duty of care owed by defendant to plaintiff, (2) defendant's breach of that duty, and (3) injury to plaintiff caused by defendant's breach of that duty. *See Lowery v. Echostar Satellite Corp*, 160 P.3d 959, 964 (Okla. 2007).

Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [docket no. 6] and DISMISSES this action.

**IT IS SO ORDERED this 6th day of February, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE